STUCKY, Judge
(concurring in part and in the result):
I concur with the majority that the German polizei (police) report: (1) is not a business or public record under Military Rule of Evidence (M.R.E.) 803(6) or M.R.E. 803(8); (2) is testimonial; (3) should not have been admitted into evidence at Appellant’s court-martial; and (4) that the error was not harmless beyond a reasonable doubt. However, the majority opinion implies that there are Confrontation Clause issues that are specific to the English translation and are independent from the Confrontation Clause issues with the original German police report. I disagree.
The opinion suggests that there is some Confrontation Clause significance to the facts that the English translation was prepared months after the incident and after the preparation of the original report; was prepared at the request of the prosecution in anticipation of trial; and was not prepared by the person who prepared the original. Those facts might be relevant to the admissibility of the original report, but are not relevant to that of the translation. When a party attempts to introduce both a translation and the document translated into evidence, if the translation is accurate — and Appellant made no objection to the accuracy of the translation in this case — the admissibility of the translation is wholly dependent upon the admissibility of the underlying document. Since the original report was not admissible, neither was the translation.
The majority opinion also suggests that there is some significance to the fact that the translation was redacted. It appears that the redactions were made to delete evidence of drugs that the German police were unable to link to Appellant. Absent an objection from Appellant on the ground of completeness, M.R.E. 106, this fact has no significance as to the admissibility of a translation.
I concur in the result.